IN THE CIRCUIT COURT OF THE 20TH
JUDICIAL CIRCUIT IN AND FOR LEE
COUNTY, FLORIDA

CYNTHIA JAMES,                    CASE NO. 23-CA-002207

    Plaintiff(s),

vs.

WAL-MART STORES EAST, LP, and
COLLIN HELLER, as store manager,

    Defendant(s).                    /

## AMENDED COMPLAINT

COMES NOW the Plaintiff, CYNTHIA JAMES, by and through the undersigned counsel, and hereby sues the Defendants, WAL-MART STORES EAST, LP ("WAL-MART") and COLLIN HELLER, and in support thereof, alleges:

1. That this is an action in excess of the Jurisdictional limits of this Court, to wit: Fifty Thousand Dollars ($50,000.00) exclusive of costs.

2. That at all times material hereto, CYNTHIA JAMES, was a resident of Lee County, FL, and is sui juris.

3. That at all times material hereto, the Defendant, WAL-MART, was a corporation authorized and doing business in Lee County, Florida.

4. That the incident on which this Complaint is based occurred in county of Lee, State of FL. Location of accident: Wal-Mart Supercenter #0987, 14821 Six Mile Cypress, Lee County, FL.

5. That at all times material hereto, the Defendant, WAL-MART, owned and/or controlled and maintained the property where the subject incident occurred, which was located at 14821 Six Mile Cypress.

6. That at all times material hereto, the Defendant, COLLIN HELLER, was believed to be a resident of Lee County, Florida.

7. That on or about 6/20/2021, the Plaintiff, CYNTHIA JAMES, was a lawful patron/invitee on the Defendant's property when she was caused to slip and fall due to a substance on the floor, believed to be broken piece of a plastic hanger.

8. That the Defendant, by and through its agents, servants, and/or employees knew or in the exercise of reasonable care, should have known, that unless proper vigilance and due care was used in the maintenance its property, a dangerous and unsafe condition would exist.

9. That the condition which caused the Plaintiff, CYNTHIA JAMES, to fall occurred with regularity and was therefore foreseeable.

10. That the Defendant owed a duty of care to the Plaintiff and all of its patrons/invitees to maintain and control its property in a reasonably safe condition.

11. That Defendant owed a duty of care to the Plaintiff and all of its patrons/invitees to warn of any dangerous conditions on said property which Defendant knew of, or should have known of, and which were not readily discoverable by Plaintiff.

12. That Defendant owed a duty of care to the Plaintiff and all of its patrons/invitees to exercise reasonable care in the hiring, retention, training, instruction and supervision of its employees so as prevent a dangerous condition from existing or remaining on Defendants property.

13. That the Defendant breached its duty of care owed to the Plaintiff by allowing the substance to be present on the floor of its property, thus creating an unreasonably dangerous condition.

14. That the Defendant breached its duty of care owed to the Plaintiff by failing to warn the Plaintiff of the dangerous condition on the floor of its property.

15. That the Defendant breached its duty of care owed to the Plaintiff by engaging in a mode of operation which caused or contributed to causing the dangerous condition to exist on the

subject property.

16. That the Defendant breached its duty of care owed to the Plaintiff by failing to properly instruct, train and/or supervise its employees and/or contractors to properly operate, clean, inspect, and/or maintain its property so as not to create a hazardous or dangerous condition for patrons/invitees on Defendant's property

17. That the Defendant breached its duty of care owed to the Plaintiff by failing to properly hire, select and/or contract employees and/or contractors that were capable of properly operating, cleaning, inspecting, and/or maintain its property so as not to create a hazardous or dangerous condition for patrons/invitees on Defendant's property.

18. That the Defendant breached its duty of care owed to the Plaintiff by retaining employees and/or contractors who Defendant knew, or through the exercise of reasonable care should have know, were not capable of properly cleaning, inspecting, and/or maintain its property so as not to create a hazardous or dangerous condition for patrons/invitees on Defendant's property.

19. That the Defendant breached its duty of care by having flooring on its premises which was unreasonably dangerous and/or slippery, despite Defendant's knowledge that substances are routinely spilled or left on its floor.

20. That as a proximate and direct result of the Defendant's negligence, carelessness and breach of duty of care, the Plaintiff, CYNTHIA JAMES, was injured in and about her body and extremities and/or aggravated a pre-existing condition; suffered pain therefrom; suffered physical handicap; suffered disfigurement; suffered mental pain and suffering; loss for the capacity for the enjoyment of life; loss of income; and incurred medical expenses for the care and treatment of her injuries. These injuries are permanent and continuing in nature and the Plaintiff will continue to suffer these losses in the future.

WHEREFORE the Plaintiff, CYNTHIA JAMES, prays for entry of a judgment against the

Defendant, WAL-MART, in an amount in excess of Fifty Thousand Dollars ($50,000.00), plus costs, and the Plaintiff further demands trial by jury of all issues in this cause so triable as a matter of right.

## COUNT II
## NEGLIGENCE AGAINST COLLIN HELLER (Store Manager)

21. That Plaintiff, CYNTHIA JAMES, realleges all of the allegations contained in paragraphs 1-20 and further alleges that he is entitled to relied against the Defendant, COLLIN HELLER, based on the following:

22. At all times material hereto, Defendant, COLLIN HELLER, was a store manager with supervisory authority for WAL-MART STORES EAST, LP., COLLIN HELLER was directly responsible for maintaining and operating the store and therefore is personally liable to Plaintiff. See, e.g., White v. Wal-Mart Stores, 918 So. 2d 357, 358 (Fla. 1st DCA 2006); Orlovsky v. Solid Surf, 405 So. 2d 1363, 1364 (Fla. 4th DCA 1981).

23. At all times material hereto, COLLIN HELLER, was directly responsible for executing Defendant's policies and procedures of store management and was personally involved in Defendant's previously described tortious conduct and is therefore personally liable to Plaintiff. See, e.g., White v. Wal-Mart Stores, 918 So. 2d 357, 358 (Fla. 1st DCA 2006); Orlovsky v. Solid Surf, 405 So. 2d 1363, 1364 (Fla. 4th DCA 1981).

24. At all times material hereto, Defendant, COLLIN HELLER, owed a duty of care to the Plaintiff and all of its patrons/invitees to maintain and control its property in a reasonably safe condition.

25. At all time material hereto, Defendant, COLLIN HELLER, owed a duty of care to the Plaintiff and all of its patrons/invitees to warn of any dangerous conditions on said property which Defendant knew of, or should have know of, and which were not readily discoverable by Plaintiff.

26. That Defendant owed a duty of care to the Plaintiff and all of its patrons/invitees to exercise reasonable care in the hiring, retention, training, instruction and supervision of its employees so as prevent a dangerous condition from existing or remaining on Defendants property.

27. That the Defendant breached its duty of care owed to the Plaintiff by allowing a broken piece of a plastic hanger to remain on the floor, thus creating an unreasonably dangerous condition.

28. That the Defendant breached its duty of care owed to the Plaintiff by failing to warn the Plaintiff of the dangerous condition on its property.

29. That the Defendant breached its duty of care owed to the Plaintiff by engaging in a mode of operation which caused or contributed to causing the dangerous condition to exist on the subject property.

30. That the Defendant breached its duty of care owed to the Plaintiff by failing to properly instruct, train and/or supervise its employees and/or contractors to properly operate, clean, inspect, and/or maintain its property so as not to create a hazardous or dangerous condition for patrons/invitees on Defendant's property

31. That the Defendant breached its duty of care owed to the Plaintiff by failing to properly hire, select and/or contract employees and/or contractors that were capable of properly operating, inspecting, and/or maintain its property so as not to create a hazardous or dangerous condition for patrons/invitees on Defendant's property.

32. That the Defendant breached its duty of care owed to the Plaintiff by retaining employees and/or contractors who Defendant knew, or through the exercise of reasonable care should have know, were not capable of properly cleaning, inspecting, and/or maintain its property so as not to create a hazardous or dangerous condition for patrons/invitees on

Defendant's property.

33. That the Defendant breached its duty of care by failing to take reasonable steps, as Store Manager, to to prevent the above described dangerous conditions.

34. That the Defendant breached its duty of care by failing to correct dangerous conditions that existed on the subject property

35. COLLIN HELLER, as Store Manager of the WAL-MART, knew or in the exercise of reasonable care, should have known, that unless proper vigilance and due care was used in the maintenance and operation of its property, a dangerous and unsafe condition could and would exist.

36. That on or about 6/20/2021, the Plaintiff, CYNTHIA JAMES, sustained serious and permenant injury due to the invidual actions and/or inactions of COLLIN HELLER, Store Manager.

WHEREFORE the Plaintiff, CYNTHIA JAMES, prays for entry of a judgment against the Defendant, COLLIN HELLER in an amount in excess of Fifty Thousand Dollars ($50,000.00), plus costs, and the Plaintiff further demands trial by jury of all issues in this cause so triable as a matter of right.

Law Office of Wolf & Pravato
2101 West Commercial Boulevard, Suite 1500
Fort Lauderdale, FL  33309
Telephone: (954) 522-5800
Facsimile: (954) 767-0960

By: /s/ Brett J. Yonon
    Brett J. Yonon, Esq.
    Fla. Bar No. 59605
    brian@wolfandpravato.com
    rich@wolfandpravato.com
    denise@wolfandpravato.com